## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BP AMERICA PRODUCTION COMPANY,

      Plaintiff,

vs.                                         No. CIV 05-578 JB/WPL

RAYMOND L. KYSAR, PATSY SUE KYSAR,
and THE KYSAR FAMILY TRUST,

      Defendants.

### MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Kysars' Motion to Dismiss for Failure to Join Indispensable Parties and for Lack of Federal Jurisdiction, filed August 8, 2005 (Doc. 7)("Motion"). The Court held a hearing on this motion on October 21, 2005. The primary issue is whether the Court should dismiss the Complaint because BP America Production Company failed to join indispensable parties pursuant to rule 19 of the Federal Rules of Civil Procedure. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court finds that the Defendants have failed to show that BP America Production Company failed to join indispensable parties pursuant to rule 19. Because of this failure, the Court does not believe it is appropriate to dismiss the Complaint.[1]

---

[1] The Court entered an Order denying the motion on October 24, 2005 (Doc. 22). In footnote 1 of that Order, the Court represented that it might issue a memorandum opinion explaining the reason for its decision to deny the motion. This opinion more fully explains the Court's reasoning for its decision.

**FACTUAL BACKGROUND**

The Kysars own a ranch along the Animas River in San Juan County, New Mexico. See Kysar's Memorandum in Support of the Motion to Dismiss for Failure to Join Indispensable Parties and for Lack of Federal Jurisdiction ("Memorandum in Support") at 1, filed August 8, 2005 (Doc. 8). This dispute is one between the owner of the mineral estate -- BP America Production Company ("BP") -- and the owner of the surface estate -- the Kysars. See BP's Response to Kysars' Motion for Failure to Join Indispensable Parties and for Lack of Federal Jurisdiction ("Response") at 2, filed August 25, 2005 (Doc. 13). BP and the Kysars were previously involved in litigation regarding BP's claimed right of access to a well -- the Sullivan Gas Com E-1 Well -- located on federal BLM lands adjacent to the Kysar Ranch. See Memorandum in Support at 2. After BP removed that case to federal court, Kysar v. BP America Production Co., No. 00-CV-958 LFG/KBM (D.N.M.), the United States Court of Appeals for the Tenth Circuit sua sponte certified the controlling questions of state law to the Supreme Court of New Mexico for decision. See Kysar v. Amoco Prod. Co., 73 Fed.Appx. 349 (10th Cir. 2003); Kysar v. Amoco Prod. Co., 2004-NMSC-025, ¶¶ 1-3, 93 P.3d 1272, 1273. The Kysars maintain that, following the Supreme Court of New Mexico's decision, the Tenth Circuit ruled in favor of the Kysars, see Kysar v. Amoco Prod. Co., 379 F.3d 1150 (10th Cir. 2004), but remanded the case to the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, to resolve several factual issues, see Memorandum in Support at 2.

The parties ultimately settled the dispute regarding access to the well located on the BLM property adjacent to the Kysar Ranch. See Memorandum in Support at 2. The previous litigation did not involve wells on the Kysar Ranch itself or the claims of other persons regarding the ranch. See id. After settlement, the Kysars continued to negotiate with BP concerning BP's claimed access

rights, across the Kysar Ranch, to wells and mineral interests under the surface estate of the ranch. See Kysars' Reply to BP's Response to Kysars' Motion to Dismiss for Failure to Join Indispensable Parties and for Lack of Federal Jurisdiction ("Reply") at 2, filed September 12, 2005 (Doc. 18).

The Kysars argue that, like BP, unjoined parties have claims against the Kysars' land and many of them, like the Kysars, are residents of New Mexico. See Memorandum in Support at 1-2. BP's predecessors in title and BP's royalty holders are also New Mexico residents. See id. at 2. The Kysars contend that Coleman Oil & Gas, Inc. and Henry Knowlton are New Mexico residents whose interests are against the Kysars and thereby aligned, for litigation purposes, with BP. See id. at 3. BP represents that, upon information and belief, Knowlton, the previous owner of the ranch, did not retain an interest after he conveyed the ranch to the Kysars. See Response at 3 n.2. The Kysars contend that there are so many people who assert the right to cross or to use the Kysars' land that the Kysars have not yet identified all of them by name. See Memorandum in Support at 1-2.

To settle these claims once and for all, and in an attempt to put to rest all issues relating to access routes across the Kysar Ranch, the Kysars filed a quiet-title action in the New Mexico state-district court. See id. at 2. The parties named in the Kysars' complaint in state court are BP, the Kysars' predecessors-in-interest, Coleman, and "Doe" parties. Response at 2. According to the Kysars, they have not identified all of the parties that may have an adverse interest. See Memorandum in Support at 1-2.

BP filed a notice of removal with respect to the quite-title action, asserting that the federal court should exercise diversity jurisdiction even though the plaintiffs and many of the defendants are New Mexico residents. See Kysar v. Johnson, No. CV05-794 WJ/LCS, Notice of Removal (Doc. 1). The Kysars contended that, on its face, the quiet-title action complaint does not support

federal diversity jurisdiction.  See id.  The Kysars filed a motion to remand with respect to the

removed quiet-title action. See id.  The Honorable William P. Johnson, United States District Judge,

remanded the Kysars' quiet-title action to state court on September 19, 2005.  See Kysar v. Johnson,

No. 05-CV-794 WJ/LCS (D.N.M.), Memorandum Opinion and Order, at 1, 8, filed September 19,

2005 (Doc. 13).

## PROCEDURAL BACKGROUND

After the settlement of the previous litigation, but a month before the Kysars filed their quiet-

title action in state court, BP filed this declaratory judgment action on May 24, 2005 against the

Kysars.  See Reply at 3.  BP did not name any other parties who might claim an interest in the Kysar

Ranch.  See Complaint For Declaratory Judgment and Injunctive Relief ¶¶ 1-2,  at 1, filed May 24,

2005 (Doc 1)("Complaint").  This matter also includes a claim for injunctive relief.  See id. ¶¶ 16-

17, at 5.

The Kysars move the Court, pursuant to rules 12(b)(1) and 12(b)(7) of the Federal Rules of

Civil Procedure, for an order dismissing BP's complaint for declaratory judgment because BP has

failed to join indispensable parties pursuant to rule 19 of the Federal Rules of Civil Procedure.  See

Motion at 1.  BP contends that the Court should deny the Kysars' motion, because they have "failed

to meet the threshold showing that there are necessary parties who have not been joined in this

action."  Response at 1.  BP contends that the Kysars are the only necessary parties to the action.

See id. at 2.  BP asserts that the Kysars will not be subject to inconsistent obligations.  See id. at 3.

BP argues that complete relief can be accorded among those who are already parties to the lawsuit.

See id. at 4.  BP contends that the Kysars have not shown that the other parties are indispensable,

and that the Court is properly exercising jurisdiction over this matter.  See id. at 5-9.

## RULE 19

Rule 19(a) of the Federal Rules of Civil Procedure provides:

**(a) Persons Required to Be Joined if Feasible.**

> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> **(2) Joinder by Court Order.** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a)(bolded in original).

While a plaintiff has the option of determining whether to join a party when that party is a permissive party, rule 19 governs the situation when compulsory party joinder is at issue. See id. The United States Court of Appeals for the Tenth Circuit has held that, if federal jurisdiction is based on diversity, joinder of an indispensable party of non-diverse citizenship deprives the federal court of power to hear the case. See Salt Lake Tribune Publ'g Co. v. AT&T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003)("[D]iversity jurisdiction will be destroyed if it is determined that the later-joined, non-diverse party was indispensable to the action at the time it commenced.")(citing

Harris v. Illinois-California Express, Inc., 687 F.2d 1361, 1367 (10th Cir. 1982)).

The Supreme Court of the United States has addressed a dispute involving multiple parties where the same issues were being litigated in state court. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102 (1968). The parties failed to seek dismissal of the federal action, based on the pending state court action, before it was litigated. See 390 U.S. at 106-107. The Supreme Court observed that there is no bright line test for determining whether a party is an indispensable party, and such issues can be determined only in the particular litigation's context. See id. at 118 ("Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation.").

Under rule 19, it is first necessary to determine whether the absent party is "necessary" and, if so, whether joinder is "feasible"; if joinder is not feasible, the court must determine whether the party is "indispensable." The Tenth Circuit employs a three-step process for determining whether an action must be dismissed for failure to join an indispensable party. See Citizen Potawatomi Nation v. Norton, 248 F.3d 993, 997 (10th Cir. 2001).

> Rule 19 provides a three-step process for determining whether an action should be dismissed for failure to join a purportedly indispensable party. First, the court must determine whether the absent person is "necessary." . . . If the person is necessary, the court must then determine whether joinder is "feasible." . . . Finally, if joinder is not feasible, the court must decide whether the absent person is "indispensable," i.e., whether in "equity and good conscience" the action can continue in his absence.

Id. (citing Fed. R. Civ. P. 19 and United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999)).

> A person is necessary if :
>
> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a

practical matter impair or impede the person's ability to protect that interest or (ii)
leave any of the persons already parties subject to a substantial risk of incurring
double, multiple, or otherwise inconsistent obligations by reasons of the claimed
interest.

Citizen Potawatomi Nation v. Norton, 248 F.3d at 997.  Thus, rule 19 states that a party is necessary

when the absentee "claims an interest relating to the subject of the action" such that parties who are

already present are at a "substantial risk of incurring double, multiple, or otherwise inconsistent

obligations because of the interest."  Fed. R. Civ. P. 19(B);  Fed. R. Civ. P. 19(B(ii).  A necessary

party "is one whose interest will be affected by the judgment."  Tewa Tesuque v. Morton, 498 F.2d

240, 242 (10th Cir. 1974).

The last step in the analysis is a determination whether the absent person(s) are

"indispensable."  Citizen Potawatomi Nation v. Norton, 248 F.3d at 997.  A court must first find an

absent party necessary before it finds it to be indispensable.  See Temple v. Synthes Corp., 498 U.S.

5, 8 (1990)(holding rule 19(b) analysis unnecessary if absentee fails to satisfy rule 19(a)'s threshold

requirement and is only a "permissive" party.).

The Tenth Circuit in Citizen Potawatomi Nation v. Norton observed: "In determining

whether absent parties are indispensable, the court must determine whether, in 'equity and good

conscience,' the action can continue without the party."  248 F.3d at 1000 (quoting Fed. R. Civ. P.

19(b)).  Rule 19(b) identifies four factors to assist a court in determining -- when the court finds that

there are necessary parties, but joinder is not feasible -- whether it should allow the case to proceed

or should dismiss the action.  These factors are: (i) to what extent a judgment rendered in the

person's absence might be prejudicial to the absent person or to existing parties; (ii) the extent to

which, by protective provisions in the judgment, by shaping the relief, or other measures, the

prejudice can be lessened or avoided; (iii) whether a judgment rendered in the person's absence is

adequate; and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for

nonjoinder.    See Fed. R. Civ. P. 19(b).  These factors "are not to be applied in any mechanical

way," but determined in a "practical and pragmatic but equitable manner."  Francis Oil & Gas, Inc.

v. Exxon Corp., 661 F.2d 873, 878 (10th Cir. 1981).

        The moving party "has the burden of producing evidence showing the nature of the interest

possessed by an absent party and that the protection of that interest will be impaired by the absence."

Citizen Band Potawatomi Indian Tribe v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994).  "The

proponent's burden can be satisfied by providing 'affidavits of persons having knowledge of these

interests as well as other relevant extra-pleading evidence.'"  Id. (quoting Martin v. Local 147, Int'l

Bhd. of Painters, 775 F. Supp. 235, 236 (N.D. Ill. 1991)(internal quotations omitted)).

## ANALYSIS

        The Kysars have not shown that the parties sought to be joined are necessary.  Moreover, the

Court will not address the Kysars' abstention arguments on this motion.  Finally, because the Court

has, for the most part, denied the Kysars' motion, the Court will deny their request for fees and costs

in bringing this motion.

## I.   THE KYSARS HAVE NOT SHOWN THAT THE PARTIES SOUGHT TO BE JOINED ARE NECESSARY.

        The Kysars may prove that there are necessary parties by either showing that complete relief

cannot be accorded among BP and the Kysars in the absence of the parties sought to be joined, or

by showing that the persons sought to be joined claim an interest relating to the subject of the action

and disposition in the parties' absence will lead to one of the following situations: (i) the absent

parties' ability to protect the interest will be impaired or impeded as a practical matter; or (ii) BP

or the Kysars will be subject to a substantial risk of incurring multiple or otherwise inconsistent

obligations by reason of the claimed interest.  It is certainly possible that BP's position may affect the rights of royalty interest holders.  Nevertheless, the Court will deny the Kysars' motion because they have not met the threshold showing that there are necessary parties whom BP has not joined in this action.  The Kysars have not shown how, or to what extent, if at all, the royalty interest holders will be affected by BP's position.

The Kysars have not met the burden of production that the Tenth Circuit requires.  See Citizen Band Potawatomi Indian Tribe v. Collier, 17 F.3d at 1293.  They have not sufficiently shown the Court, with any specificity, how this case will affect any interests of absent parties, nor have they produced any "affidavits" or "relevant extra-pleading evidence."  Id.

**A.    THE KYSARS HAVE NOT SHOWN THAT THE COURT CANNOT ACCORD COMPLETE RELIEF TO THE PARTIES IN THIS CASE.**

The Kysars do not explain why complete relief is not possible.  The Kysars make contentions in broad, conclusory language, but do not direct the Court to any specific reasons why complete relief cannot be accorded among those who are already parties to this action.  In the absence of evidence to the contrary, the Court believes it can accord complete relief among those already parties.   See Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996)("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.").  The Kysars have not demonstrated why other parties should be joined to make the judgment whole.

**B.    THE KYSARS HAVE NOT SHOWN WHAT LEGALLY PROTECTED INTERESTS THE PARTIES SOUGHT TO BE JOINED HAVE, NOR HAVE THE KYSARS SHOWN THAT BP OR THE KYSARS WILL BE SUBJECT TO INCONSISTENT OBLIGATIONS.**

The Kysars must show that the parties sought to be joined have a legally-protected interest

in this action.  See Citizen Potawatomi Nation v. Norton, 248 F.3d at 998.  The Kysars state that

Coleman and Knowlton have adverse interests to the Kysars, but do not explain how those interests

are related to this action.  See Memorandum in Support at 7.  Nor do the Kysars elaborate as to what

those adverse interests may be to assist the Court in determining whether these persons should be

joined.  As to all other parties, the Kysars do not explain who they are, what their interests are, or

specifically how those interests relate to this action.

        With few specifics, the Kysars ask the Court to dismiss this case based on blanket assertions.

The Kysars do not explain what the inconsistent obligations will be.  The Court without more,

cannot say that the absent parties have a legally-protected interest, let alone find that such interest

will be impaired or impeded in the absence of the sought-to-be joined parties.

        The Kysars also contend that, by virtue of BP's claims in this action, the parties named in

their state action are at risk of incurring inconsistent obligations.  See Memorandum in Support at

6.  The Kysars do not explain, however, why those parties have an interest in the subject of this

action.  The Kysars state that Coleman and Knowlton have adverse interests to the Kysars, but do

not explain how those interests are related to this action.  See id. at 7.  BP represents that Coleman

has separate and independent access rights to the Kysar Ranch that would not be affected by an

adjudication of BP's access rights.  See Response at 3 n.2.  Again, the Kysars have used broad

conclusory language without showing the Court specifically how either the Kysars, or BP, or other

absent parties may be subject to inconsistent obligations or multiple obligations if the absent parties

are not joined.

        The Kysars also contend that there are royalty holders, whom BP has not joined and who are

New Mexico residents, and cite the Court to cases -- Hilton v. Atlantic Refining Co., 327 F.2d 217

(5th Cir. 1964), Webb v. Clarion Res., Inc., 95 F.R.D. 491 (N.D. Tex. 1982), Cross Timbers Oil Co.

v. Rosel Energy, 167 F.R.D. 457 (D. Kan. 1996) -- that have held that royalty interest holders are

indispensable parties.   See Transcript of Hearing ("Tr.") at 4:23-5:17 (taken October 21,

2005)(Donaghy).[2]

The cases cited by the Kysars are distinguishable from the present case.  In Hilton v. Atlantic

Refining Co., the validity of the lease itself was in question.  See 327 F.2d at 218-19.  The court held

that the termination of the lease would necessarily terminate the royalty owners' rights.  See id. at

219.  Even though that court held that the royalty owners were indispensable in that situation, the

court also stated that royalty holders are ordinarily not indispensable parties to a trespass to try title.

See id. (stating "Appellee argues that non-participating royalty holders are not indispensable parties

to a trespass to try title suit. Ordinarily they are not, but if a judgment effectively precludes them

from enforcing their rights and they are injuriously affected by the judgment, they are

indispensable.").   In Hilton v. Atlantic Refining Co., however, termination of the lease would

prevent the royalty owners' future recovery.  See id.

In Webb v. Clarion Resources, Inc., the plaintiff sought cancellation of an oil-and-gas lease.

See 95 F.R.D. at 492.  The court held that the cancellation of the lease on one portion of the land

would control the rights of royalty owners who had an interest in the entire tract of land.  See id. at

493.  The district court stated:

> Even though the court were to enter a judgment canceling the lease only as to the
> portion of the lands owned by [the named defendant], the facts concerning the well
> in question would control the rights of the additional defendants and this would
> especially be true of the rights of any royalty owners or overriding royalty owners
> who owned non-participating overriding royalty interests under the entire tract of

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

land.

Id.  The court held the royalty owners therefore were necessary and indispensable parties.  See id.

Finally, in Cross Timbers Oil Co. v. Rosel Energy, the issue centered around the production rights acquired through oil-and-gas leases.  See 167 F.R.D. at 458.  The court held that the rights of joint venturers were directly implicated, because the central issue was whether the defendants had a legal right to extract the gas at issue.  See id. at 460.  Because the joint venturers' rights were directly implicated, they were necessary parties.  See id. (stating that "it is apparent that there are numerous issues to be resolved regarding rights to future production . . . . Thus, the rights of the joint venturers to future royalties related to such production are directly implicated. We, therefore, find that the absent joint venturers are necessary parties.").

The circumstances here are different than those in the three cases that the Kysars cite.  In those cases, the rights of the royalty owners were directly implicated.  Either the gas leases, or the production-and-extraction rights, were in danger of termination.  Here, BP seeks a declaratory judgment that, as mineral lessee, BP is entitled to use the surface estate as may be reasonably necessary for the development of its minerals, and asks the Court to enjoin the defendants from interfering with its right to develop.  See Tr. at 9:11-18 (Berge).  The royalty owners rights are not implicated in the same way as they would be if the validity of a gas lease or extraction rights were in question.  Those issues directly implicate royalty owners, whereas here royalty owners' rights are only implicated indirectly, if at all.  Again, the Kysars have not explained to the Court how the royalty owners' rights are implicated, even indirectly, in this case.

In the end, BP has asked for its rights to be adjudicated before this Court, and the Kysars have not provided a sufficiently detailed argument that other parties have interests in BP's access

rights, or shown how such interests might be impaired or that other parties must be joined to prevent the Kysars or BP from being at risk of multiple liability, or inconsistent obligations. The Court does not believe that the parties the Kysars seek to join are necessary to this litigation or are indispensable. The Court is not convinced that the Kysars or BP will be subjected to a substantial risk of incurring inconsistent obligations by reason of the interests and absence of the parties sought to be joined.

**C.    THE KYSARS HAVE NOT SUFFICIENTLY SHOWN THAT THE NECESSARY PARTIES HAVE AN ADVERSE INTEREST TO THE KYSARS.**

The Court has not found that necessary parties have an interest adverse to the Kysars. The Court has already explained why the parties to which the Kysars refer in their briefing are not needed for a just adjudication between those already parties. It is thus not necessary for the Court to determine how to properly align those interests or whether these parties can be joined. Moreover, the Kysars do not provide any facts or authority as to why those parties would be aligned with BP.

The Court may deny this motion without proceeding to the other steps in the rule 19 analysis. See Temple v. Synthes Corp., 498 U.S. at 8. The Kysars' assumption of the first elements does not bring them or the Court to the next steps in the rule 19 analysis.

In any case, the only two parties that the Kysars have clearly identified are Knowlton and Coleman. The Kysars have provided so little information about the nature of Coleman's and Knowlton's interests that it is difficult to determine whether they would be plaintiffs or defendants. Therefore, the determination whether it is feasible to join Knowlton and/or Coleman is not possible nor imperative.

-13-

**D.    THE KYSARS HAVE NOT SHOWN THAT OTHER PARTIES ARE INDISPENSABLE.**

The final step, even if the Court were to assume that there are parties who are necessary which cannot be joined, is whether the Court should dismiss the case because those parties sought to be joined are indispensable.  The Kysars, in their briefing, do not consider the rule 19(b) factors. Given that they did not clearly articulate whom the alleged necessary parties are, it is difficult to address the rule 19(b) factors.

An examination of these factors is, however, an unnecessary task, because the Kysars have not shown that there are absent necessary parties needed for a just adjudication.  This action is a dispute between BP and the Kysars, and until and unless the Kysars show a necessary party should be joined, there is no prejudice for the Court to avoid when deciding this issue, and the Court can render an adequate judgment.

If the Kysars have disputes with other parties, that is not a sufficient reason for finding these parties necessary to this action.  The Kysars have not met their burden to show that other parties are necessary and therefore should be joined.

**II.    THE COURT MAY PROPERLY EXERCISE FEDERAL JURISDICTION AT THIS TIME.**

Failing to adequately address the rule 19(b) factors, the Kysars instead look to a separate issue from the compulsory joinder rule that the Supreme Court discussed in Provident Tradesmens Bank & Trust Co. v. Patterson.  The Supreme Court in Provident Tradesmens Bank & Trust Co. v. Patterson "reaffirmed its 'prior holding that a federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts.'" Provident Tradesmens

Bank & Trust Co. v. Patterson, 390 U.S. at 126.  The Kysars are suggesting that the Court should

abstain in the context of a rule 19 motion.  However, the Supreme Court there was not discussing

the issue of joinder in Provident Tradesmens Bank & Trust Co. v. Patterson when it made the above

statement.  See id. at 126-27.

There is a state court proceeding, i.e., a parallel proceeding.  The Court must assure that

principles of federalism and comity are satisfied.  The Kysars are asserting that the state court is the

proper forum in which to address all of the parties' disputes and that this decision needs to be made

before the federal court and the parties expend time and energy on litigating this federal case, which

does not address all of the disputes or include all of the parties with interests at stake.  The issues

here are state-law issues, such as the property issues involved in all of the Kysar cases.

The Court need not decide, at this time and on this motion, whether abstention would be

proper.  Indeed, the Kysars ask the Court not to decide the abstention issue in its determination of

the rule 19 issues.  See Reply at 4-5.  Accordingly, the Court will address such issues when they are

raised at an appropriate time.

**III.   THE COURT WILL NOT AWARD FEES AND COSTS INCURRED IN BRINGING THIS MOTION.**

The Kysars argue that the Court should award them their costs and fees incurred in bringing

this motion, because they contend that it is obvious that BP fashioned the Complaint to exclude the

indispensable parties in the hopes that it could manipulate federal jurisdiction to hear this matter.

Because the Court has found that the Kysars have not shown that indispensable parties have been

excluded, the Court will not award costs and fees.  Even if the Kysars were the prevailing party here,

they have not demonstrated any contractual obligation, statute, or rule that has changed the

American rule for this litigation.

-15-

_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Bradford C. Berge
William F. Carr
Ocean Munds-Dry
Holland & Hart, LLP
Santa Fe, New Mexico

      *Attorneys for the Plaintiff*

Victor R. Marshall
Diane P. Donaghy
Victor R. Marshall & Associates, P.C.
Albuquerque, New Mexico

      *Attorneys for the Defendants*