**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BP AMERICA PRODUCTION COMPANY,

      Plaintiff,

v.                                                                                                                      No. CIV 05-0578 JB/WPL

RAYMOND L. KYSAR, PATSY SUE KYSAR,
and THE KYSAR FAMILY TRUST,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on (i) Plaintiff BP America Production Company's Memorandum Regarding Colorado River Abstention, filed August 20, 2009 (Doc. 67); (ii) Letter from Victor R. Marshall to the Court (dated August 20, 2009), filed August 20, 2009 (Doc. 70); (iii) Letter from Bradford C. Berge to the Court (dated March 25, 2010), filed March 25, 2010 (Doc. 72); and (iv) Letter from Victor R. Marshall to the Court (dated March 26, 2010), filed March 26, 2010 (Doc. 73). The primary issues are: (i) whether the analysis in Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942), or in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), governs a determination to grant a dismissal or continue the current stay, now that the state-court matter is on appeal; and (ii) whether, under the appropriate analysis, a dismissal should be issued or the current stay should be continued. Because the Court believes that the analysis in Colorado River continues to control this matter, and that the criteria for deferring to concurrent state-court proceedings as set out in that case are met, the Court will continue the stay and abstain from proceeding further with the case at this time.

**PROCEDURAL BACKGROUND**

Plaintiff BP America Production Company ("BP") operates on or near the ranch that Defendants Raymond L. Kysar, Patsy Sue Kysar, and the Kysar Family Trust ("Kysars") own in San Juan County, New Mexico (the "Kysar Ranch"). On May 24, 2005, pursuant to 28 U.S.C. § 2201, BP filed this declaratory judgment action against the Kysars in federal court. The declaratory judgment action concerns BP's claimed rights of access on the Kysar Ranch. BP requests that the Court determine its rights as mineral interest owner vis-á-vis the Kysars as surface owners. These claims, along with the claims of many other, non-diverse parties, are also the subject of a quiet title action that the Kysars filed in state court. Kysar v. Johnson, et al., No. D-1116-CV 2005-824-1 (11th Jud. Dist. N.M.). In the Court's September 15, 2006 Memorandum Opinion and Order, the Court found that the disputes between the parties would require an examination and interpretation of New Mexico property law and held that, because there are no federal issues to be resolved in this litigation, the declaratory action would serve no purpose in clarifying the legal relations or federal rights of the parties, and therefore the Court stayed this action to allow the state court to decide the state issues that the case would likely raise.

The Court requested that the parties provide periodic status reports regarding the progression of the state-court proceedings. On April 15, 2008, BP informed the Court that the state court had denied the Kysars' motion for summary judgment on their claim for injunctive relief against BP from accessing the Kysar Ranch via the Back Gate Road, and had also denied the Kysars' motion for summary judgment on BP's counterclaims for tortious interference with contractual relations and prima facie tort. See Letter from Bradford C. Berge to the Court at 2 (dated April 15, 2008), filed April 15, 2008 (Doc. 51)("BP's Apr. 15 Letter"). BP also informed the Court that the state court denied BP's motion for summary judgment on its breach-of-contract claim and

breach-of-good-faith-and-fair-dealing claim. As to BP's motion for summary judgment on the Kysars' quiet-title claim, the state court found that BP's oil-and-gas leases on the Kysar Ranch are valid, and that BP "possesses the right to enter upon and use as much of the surface overlying that lease as is reasonably necessary to develop and produce the oil and gas covered by the lease." BP's Apr. 15 Letter at 2. The Kysars, by a letter dated April 22, 2008, stated that the state court's finding that BP has the right to enter upon the Kysar Ranch is not the primary question raised, but rather, the pending question before the state court is "does BP have the right to use the surface of one lease to access the oil and gas under another lease, where the leases provide no right to cross one lease to reach another?" Letter from Victor Marshall and Diane Donaghy to the Court at 2 (dated April 22, 2008), filed April 23, 2008 (Doc. 52).

On June 15, 2009, BP informed the Court that the state trial in San Juan County, New Mexico, before the Honorable Robert A. Aragon had commenced on May 18, 2009. See Letter from Bradford C. Berge to the Court at 2 (dated June 15, 2009), filed June 15, 2009 (Doc. 60) ("BP's June 15 Letter"). Following jury selection, and before opening statements, the parties -- the Kysars and BP -- stipulated, in light of Judge Aragon's pretrial evidentiary rulings, that no reasonable jury would find in favor of the Kysars. BP moved for a directed verdict and Judge Aragon granted the motion. See BP's June 15 Letter at 2. The Kysars informed the Court that, based upon several of Judge Aragon's substantive and evidentiary rulings before opening statements, "the parties felt that a trial was unlikely to yield a usable sustainable result, no matter what the outcome, and that an appeal was the appropriate mechanism for resolving the case most efficiently." Letter from Victor R. Marshall and Diane Donaghy to the Court at 2 (dated June 16, 2009), filed June 16, 2009 (Doc. 61).

The parties filed a Joint Status Report and Provisional Discovery Plan on July 23, 2009

(Doc. 63). In the Joint Status Report, BP argued that the parties fully litigated the state case, and that therefore the Court may now reach its claim for injunctive relief by motion or bench trial. See Joint Status Report at 2. BP contends that the directed verdict in the state case is entitled to preclusive effect in the federal case, that it conclusively resolved BP's entitlement to use the surface estate of the Kysars' ranch to the extent reasonably necessary to access its current and future wells, and that such access does not and will not constitute trespass or nuisance. See Joint Status Report at 3. BP further contends that, in light of the directed verdict in the state case, BP is entitled to the injunctive relief it requested in this case. See Joint Status Report at 4. The Kysars argued that the case was not fully litigated and that the parties concluded that the best way to insure appellate review was to stipulate to a directed verdict, rather than take an interlocutory appeal, and thus the jury was dismissed before hearing argument or evidence. See Joint Status Report at 3. The Kysars contend that no ruling was made on the "critical underlying issue: whether the leases and communitization agreements gave BP the right to cross certain portions of the Kysar property to access certain wells, in light of the prior decisions rendered in the New Mexico Supreme Court and the Tenth Circuit." Joint Status Report at 3. The Kysars contend that the Court should continue the stay in this case until a decision is rendered on appeal to avoid duplication of effort, promote judicial economy, and avoid inconsistent results. See Joint Status Report at 4.

  The Court held a status conference with the parties on July 29, 2009. At the status conference, Larry J. Montano, BP's counsel, argued that the Court should lift the stay and enter an injunction because the state action is entitled to preclusive effect, and that the Court should take the judgment from the state court and find that, based on that judgment, BP is entitled to an injunction restraining the Kysars from interfering with BP's operations. Mr. Montano noted that there is nothing in the state district court's judgment which gives BP injunctive relief, and he contended that

this Court maintains jurisdiction to give BP an injunction. He further argued that this Court could grant an injunction now and then revisit the injunction later if a reversal of the state district court's judgment by the New Mexico Court of Appeals nullifies the basis for the federal injunction. Victor Marshall, the Kysars' counsel, argued that the federal case progressing can only add confusion to the state-court appeal. Mr. Marshall argued further that an injunction is unnecessary, as the parties stipulated in the state-court action that the Kysars had not prevented, or attempted to prevent, BP or its personnel from accessing its wells on the Kysars' property. Mr. Marshall argued that the rulings that the state district court made were primarily evidentiary rulings -- for example, that the Kysars could not mention in their opening statement the United States Court of Appeals for the Tenth Circuit's opinion in Kysar v. Amoco Productions, nor the Supreme Court of New Mexico's opinion in that case -- and that the district court never ruled on the questions of New Mexico law at issue in this case, and therefore the New Mexico law was not applied, interpreted, or ruled upon by the state district judge. The Court requested that the parties submit briefing or informal letters informing the Court on their positions regarding the continuation of the stay in this case, pending the resolution of the appeal in the state court case.

On August 20, 2009, BP submitted a memorandum arguing that the Court should lift the stay and allow BP to pursue its claim for permanent injunctive relief. See BP's Memorandum Regarding Colorado River Abstention, filed August 20, 2009 (Doc. 67)("BP Memo."). BP argues that this Court should lift the stay because the state case cannot afford BP complete relief because it did not assert an injunctive-relief counterclaim in the state case. See BP Memo. at 2. BP contends, however, that if the Court concludes that Colorado River abstention is appropriate, maintaining the stay and not dismissal is the proper course of action for this Court. The Kysars submitted a letter, in which they argue that the same judicial economy and restraint policies that supported abstention

while the state trial court proceedings went forth dictate a continuation of the federal-court stay during the pendency of the appellate phase of the state court proceedings. See August 20 Letter at 2. The Kysars contend that the Court should either dismiss the federal case without prejudice, or should continue the stay during the pendency of the appeal of the state-court case. See id.

Because it was not clear from the materials the parties submitted, the Court issued a Minute Order on March 19, 2010 (Doc. 71), requesting that the parties submit a status report which informed the Court of which decisions in the state district case were appealed. BP responded that the Kysars have appealed seven rulings from the state district court: (i) Order Excluding Prior Court Rulings in Related Litigation between Kysar and BP (July 23, 2009); (ii) Order Excluding Evidence and Testimony Regarding Alleged Mistakes and Misrepresentations (October 23, 2007); (iii) Order Granting BP's Motion in Limine to Exclude Argument and Testimony Respecting Withholding of Information (June 29, 2009); (iv) Order Excluding Evidence of Trespass Damage Predating the Filing of the Plaintiffs' Complaint (October 23, 2007); (v) Order Denying Plaintiffs' Motion to Allow Them to Testify About Easements for Access to Wells Not Located on Plaintiffs' Property (July 23, 2009); (vi) Order Excluding Evidence Concerning Payments Received by Kysars for Access Along the Back Gate Road (July 23, 2009); and (vii) Order Excluding Evidence Respecting Parties' 2005 Settlement Agreement (July 23, 2009). See BP's March 25 Letter at 2-3. BP also notes that, although there was no written order by the district court on the issue, the Kysars have also argued on appeal that the district court erred in refusing to prohibit BP from arguing easement by estoppel. See BP's March 25 Letter at 3. The Kysars responded to the Court's Minute Order by submitting the Table of Contents of their appellate brief. The arguments are: (i) the district court refused to follow the decisions of the Supreme Court of New Mexico and the Tenth Circuit in Kysar v. BP America Production Co., No. 00-CV-0958 LFG/KBM (D.N.M. 2004)("Kysar I") and Kysar

v. Johnson, No. D-1116-CV-2005-824-1 (11th Jud. Dist. N.M.)("Kysar II"); (ii) there is a duty of good faith and fair dealing between an oil company and a surface owner; this duty obligates an oil company to produce the pertinent oil-and-gas leases and agreements when the surface owner request them; (iii) the district court erred by ruling that the Kysars could not recover for damages for trespass occurring before the complaint was filed; (iv) the district court committed error by preventing the Kysars from testifying about the value of their property and the amounts they have received for granting oil-and-gas easements; (v) diminution of property value is not the only measure of damages for trespass; damages may also be based on the trespasser's gain or the fair value of an easement; (vi) the district court erred when it allowed BP to argue easement by estoppel, because New Mexico has never recognized easement by estoppel; (vii) the district court mistakenly prevented Ray Kysar from testifying about the Prairie Dog Agreement, which he signed in 2000, the parties' subsequent conduct, and another limited settlement agreement in 2005; and (viii) BP is trying to repudiate its own stipulation and the state-court's judgment. See Kysars' March 26 Letter at 3.

**LAW REGARDING ABSTENTION**

In the Court's September 15, 2006 Memorandum Opinion and Order, the Court determined that, because BP seeks both declaratory and injunctive relief in its Complaint, the abstention standard set forth in Colorado River Water Conservation District v. United States governs in this case. The Court also determined that, as Colorado River provides a more exacting standard than Brillhart v. Excess Insurance Co. of America, with respect to the Court's discretion to issue a dismissal or a stay in the current circumstances, it is necessarily true that, if the Colorado River criteria for granting a dismissal or a stay are met, so too are the criteria for issuing a dismissal or stay under Brillhart.

In Colorado River Water Conservation District v. United States, the Supreme Court of the United States reviewed the decision of a district court to dismiss an action brought by the United States in deference to an ongoing state-court proceeding. See 424 U.S. at 805-06. See Wilton v. Seven Falls Co., 515 U.S. 277, 284 (1995). The United States was seeking a declaration of its water rights, the appointment of a water master, and injunctive relief. See id. at 284. In overturning the Tenth Circuit and affirming the district court's determination, the Court articulated several factors that district courts should consider in assessing whether to grant dismissals or stays in instances where similar issues are being concurrently litigated in state courts. Those factors are: (i) whether the questions before the court present difficult questions of state law, are governed by state -- as opposed to federal -- law,[1] or bear on policy problems of substantial importance to the state; (ii) whether principles of wise judicial administration and economy suggest deferring to the state courts; (iii) which court first assumed jurisdiction over any property at issue; (iv) whether the federal forum is less convenient; (v) whether allowing the matter to go forward in state court would avoid piecemeal litigation; and (vi) in which order jurisdiction was obtained by the concurrent forums. See Colorado River Water Conservation Dist. v. United States, 424 U.S. at 814-19; Burford v. Sun Oil Co., 319 U.S. 315 (1943).

In a subsequent case, Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983), the Supreme Court revisited the factors introduced in Colorado River, providing more guidance as to their application. The Supreme Court in Moses H. Cone Memorial Hospital v. Mercury Construction Corp. stated: "No one factor is necessarily determinative; a carefully

---

[1] With regard to this factor, its development can be traced from Colorado River Water Conservation District v. United States, 424 U.S. at 825-26, to Will v. Calvert Fire Ins. Co., 437 U.S. 655, 667, 668-77 (1978), and on to Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 23 (1983).

considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." 460 U.S. at 15-16. Addressing the factor concerning in which order jurisdiction was obtained, the Supreme Court also asserted that:

> This factor, as with the other Colorado River factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions. Colorado River illustrates this point well. There, the federal suit was actually filed first. Nevertheless, we pointed out as a factor favoring dismissal "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss."

460 U.S. at 21-22.

The United States Court of Appeals for the First Circuit has stated that the doctrine of sound judicial administration underlying Colorado River abstention has more force when a state proceeding is on appeal. See Currie v. Group Ins. Comm'n, 290 F.3d 1, 11 (1st Cir. 2002) (stating that "deferral has even more force because the state proceeding is already on appeal on a fully developed record."). See also Hearne v. Bd. of Educ., 185 F.3d 770, 778 (7th Cir. 1999) (holding that the "principles of sound judicial administration which animated the decision in Colorado River . . . required a stay of the federal proceedings" pending outcome of appeal in parallel state-court proceedings); Akins v. Rodriguez, 15 F.3d 105 (9th Cir. 1994)(stating that Colorado River abstention is appropriate where state appellate court decision is on appeal to the state supreme court).

The Tenth Circuit has expressed a general preference in Colorado River abstention cases for issuance of a stay rather than dismissal. See Allen v. Bd. of Educ., 68 F.3d 401, 404 (10th Cir. 1995)("We think the better practice is to stay the federal action pending the outcome of the state proceedings."). "In the event the state court proceedings do not resolve all the federal

claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action." 68 F.3d at 404.

## ANALYSIS

On September 15, 2006, the Court found that the disputes between the Kysars and BP would require an examination and interpretation of New Mexico property law, and held that, because there are no federal issues to be resolved in this litigation, the declaratory action would serve no purpose in clarifying the federal legal relations or rights of the parties, and thus the Court stayed this action to allow the state court to decide the state issues that the case would likely raise. After a number of unfavorable pre-trial rulings in the state district court, the Kysars made a strategic decision to stipulate to a directed verdict in favor of BP so that they could appeal the pre-trial rulings. The Kysars filed their appeal of seven of the state district court's rulings with the New Mexico Court of Appeals, which appeal is currently pending. The Kysars argue that the Court should continue to stay this case and allow the New Mexico Court of Appeals to resolve their state-court case before proceeding with the federal case, or to dismiss the federal case without prejudice. BP argues that the Court should lift the stay, because the actions are no longer parallel actions.

The Court has reviewed the issues which the Kysars have appealed to the New Mexico Court of Appeals, and finds that the concerns the Court addressed in its September 15, 2006 Memorandum Opinion and Order addressing the factors favoring Colorado River abstention remain. In the Court's September 15, 2006 Memorandum Opinion and Order, the Court weighed the relevant factors set forth in Colorado River and determined that most, if not all, of the relevant factors indicated that the federal court could and should abstain. See Memorandum Opinion and Order at 7 (Doc. 41). The Court found that the state and federal cases are sufficiently similar such that the Court should abstain and allow the proceedings to go forward in state court, stating:

> While the cases are not identical, they are similar, and the state case includes the litigation of the same issues that the federal case raises. This factor, coupled with the fact that the issues require the interpretation of New Mexico property law, weighs in favor of allowing the state case to go forward, while the federal court abstains from the matter. Because Kysar II is pending in state court and will provide BP with an adequate remedy, the Court will stay all proceedings until Kysar II is decided.

Memorandum Opinion and Order at 13 (Doc. 41). The factual and legal overlap between the state and federal action remains, and many of the issues that the Kysars have appealed may directly impact the injunctive and declaratory relief that BP is seeking from this Court regarding its rights of ingress and egress over the Kysar Ranch. The state appeal will require the New Mexico Court of Appeals to examine and interpret New Mexico property law. The same interests of judicial economy and efficiency continue to suggest that the New Mexico state courts can provide an efficient, comprehensive, and authoritative decision on these issues. The Court is concerned that BP argues the cases are not parallel, and a decision in one case will not resolve the issues in the other, yet BP is also arguing that the directed verdict in the state case is entitled to preclusive effect in this case, because it conclusively resolved BP's entitlement to use the surface estate of the Kysars' ranch to the extent reasonably necessary to access its current and future wells. The Court still believes, as it did when it issued the stay, that the state case includes the litigation of the same issues that the federal case raises and that the factors weigh in favor of abstention. At a minimum, it is likely that the state-court proceeding may be res judicata on some claims and collateral estoppel on some issues, and narrow the issues for the Court to decide.

Moreover, the consensus among circuit courts is that the reasons for Colorado River abstention are strengthened when a state appeal is pending. See Currie v. Group Ins. Comm'n, 290 F.3d at 11 n.8 (stating that "deferral has even more force because the state proceeding is already on appeal on a fully developed record."); Hearne v. Bd. of Educ., 185 F.3d at 778 (holding that the

"principles of sound judicial administration which animated the decision in Colorado River . . . required a stay of the federal proceedings" pending outcome of appeal in parallel state court proceedings); Akins v. Rodriguez, 15 F.3d at 105 (holding that Colorado River abstention is appropriate where state appellate court decision is on appeal to state supreme court); Bates v. Van Buren Township, 122 Fed. Appx. 803, 808 (6th Cir. 2004). There are no federal issues to be resolved in this litigation, and allowing the state litigation to run its course through the appellate process will give the state courts an opportunity to decide important issues of state law and promotes sound judicial administration. Additionally, "the res judicata effect of a lower state court judgment does not compel the active exercise of federal jurisdiction, rather than a stay when federal doctrines of restraint counsel otherwise." Currie v. Group Insurance Commission, 290 F.3d at 11 n.8

The Court has considered whether it would be more appropriate to dismiss this action without prejudice. The Tenth Circuit has expressed a preference in abstention cases for issuance of a stay rather than dismissal. See Allen v. Bd. of Educ., 68 F.3d at 404 ("We think the better practice is to stay the federal action pending the outcome of the state proceedings."). Other circuits also have decided that Colorado River abstention mandates a stay rather than dismissal. See Bd. of Educ. of Valley View Cmty. Unit Sch. Dist. v. Bosworth, 713 F.2d 1316, 1322 (7th Cir. 1983) (modifying the "district court judgment to stay rather than dismiss the action, and affirm the judgment so modified"); Hearne v. Bd. of Educ., 185 F.3d at 778 (instructing the district court to reinstate the plaintiff's case and enter a stay pending the outcome of the state-court proceeding); Bates v. Van Buren Township, 122 Fed. Appx. at 800 (affirming abstention but modifying "the dismissal order to require a stay of proceedings."). The Court agrees that a stay, rather than a dismissal, continues to be appropriate in this matter. In the event the state-court litigation does not resolve all of the claims, and the claims in the federal case remain undecided, the stay will preserve

the available federal forum as one in which to litigate the remaining claims, without BP having to file a new federal action and without the risk of a statute-of-limitations problem foreclosing it refiling its case. See Allen v. Bd. of Educ., 68 F.3d at 404; Board of Education v. Bosworth, 713 F.2d at 1322 ("If all the issues are resolved in the state proceedings, as expected, the distinction will have no practical effect; but if not, the parties should have access to the federal court without the obligation to file again and the fear that the statute of limitation will have run."). The Court will therefore maintain its stay of this action, and will continue to require the parties to provide status reports to the Court on the state proceedings, as previously ordered.

**IT IS ORDERED** that the requests in BP's Memorandum Regarding Colorado River Abstention are denied in part and granted in part. The Court will deny BP's request to lift the stay, but grant its request to stay rather than dismiss. The Court will continue to abstain from this matter by maintaining its stay of all proceedings. The parties will provide a status report to the Court on the state proceedings within 120 days of the date of this order. The parties may do so by letter if they wish.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Bradford C. Berge
William F. Carr
Larry J. Montano
Holland & Hart, LLP
Santa Fe, New Mexico

*Attorneys for the Plaintiff*

Victor R. Marshall
Diane P. Donaghy
Victor R. Marshall & Associates, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendants*